IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| DANIEL REMSBURG<br>Institutional ID No. 01381699,<br>SID No. 06944708,<br><br>    Plaintiff,<br><br>v.<br><br>E. WEITMAN,<br><br>    Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 5:21-CV-001-BQ |

**FINDINGS, CONCLUSIONS, AND**
**RECOMMENDATION AND ORDER OF TRANSFER**

The Honorable James Wesley Hendrix, United States District Judge, transferred this case to the undersigned United States Magistrate Judge (ECF No. 8) and, in accordance with said order, the undersigned conducted preliminary screening as described in 28 U.S.C. §§ 1915(e)(2) and 1915A(b). The Court determined that pro se Plaintiff Daniel Remsburg's claim for monetary damages against Texas Department of Criminal Justice (TDCJ) Officer Eugene Weitman,[1] based on lack of a toilet in pre-hearing detention, survived preliminary screening. ECF Nos. 16, 17. Consequently, the Court entered an order requiring Officer Weitman to answer or otherwise plead to Remsburg's claim. ECF No. 16.[2] Officer Weitman has timely answered. ECF No. 23.

All parties have not consented to jurisdiction by the magistrate judge. Upon review of Officer Weitman's Answer, it is the opinion of the undersigned that this matter must be transferred to the district judge for further proceedings.

---

[1] In his Complaint, Remsburg names Officer Weitman as "E. Weitman." ECF No. 1. According to Officer Weitman's Answer, his first name is Eugene. ECF No. 23.

[2] On November 19, 2021, the Office of the Attorney General for the State of Texas filed an advisory to the Court stating that Officer Weitman no longer works for TDCJ, and provided his new address. ECF Nos. 18, 20. The United States Marshals Service returned an executed summons as to Officer Weitman on December 10, 2021. ECF No. 22.

## I. Discussion

### A. Remsburg's Toilet Claim

The undersigned previously found that Remsburg's claim for lack of toilet access during pre-hearing detention survived preliminary screening.[3] *See* ECF No. 16, at 17–19.

According to Remsburg's pleadings, Officer Weitman escorted Remsburg to a detention room on April 7, 2019, to await a prison disciplinary hearing. Suppl. Questionnaire 1, ECF No. 15. The room lacked a bunk, sink, or toilet, containing only a metal bench. *Id.* at 2–3; Questionnaire 1, ECF No. 11. Though he is unsure of the exact timeline, Remsburg believes he remained in the room for approximately twenty-four hours, until late on April 8. Suppl. Questionnaire 1. Remsburg contends that he was not provided an opportunity to use the restroom outside the detention room for his entire confinement. *Id.* at 2. As a result, Remsburg "urinate[d] in the corner of the room with no toilet 4 times," apparently due to "a [health] problem where [he has] to go 4 or 5 times a night." *Id.* Further, he "couldn't defecate without a toilet or toilet paper so [he] just toughed it out." *Id.* Remsburg avers that he suffered "pain in [his] left kidney" due to a pre-existing, recurring kidney infection that is "constantly inflamed by delay of urination." *Id.* at 3. Although he claims to have notified multiple officers of his need for a toilet, he did not alert officers to his kidney pain or otherwise seek medical attention regarding the events of April 7–8. *Id.* at 2, 5.

While temporary deprivation of toilet access does not always give rise to an actionable constitutional claim, a deprivation claim of short duration may state a plausible claim sufficient to

---

[3] The undersigned addressed Remsburg's toilet-access claim more fully in the order of partial dismissal, and now provides this summary for procedural clarity. ECF No. 16, at 17–19. In the same order, the Court concluded that Remsburg's claims for retaliation, unconstitutional conditions of confinement stemming from lack of personal protective equipment, violations of due process, and denial of adequate food and a decontamination shower while in pre-hearing detention did not survive preliminary screening and dismissed them. *See* ECF Nos. 16, 17.

survive screening when the length of deprivation is considered in conjunction with the severity of the conditions presented. *See Palmer v. Johnson*, 193 F.3d 346, 353 (5th Cir. 1999) (finding as a matter of law that the totality of circumstances over a seventeen hour period, including lack of bathroom facilities, violated the Constitution); *Harold v. Tangipahoa Par. Sheriff Off.*, No. CV 20-2220, 2021 WL 2920513, at *13 (E.D. La. June 18, 2021) (acknowledging that prisoner's claim he lacked a toilet for three days in a room with one individual, causing feces and urine to accumulate due to inadequate facilities, stated a sufficient constitutional claim, but recommending dismissal due to the lack of a constitutionally significant injury), *R. & R. adopted by* 2021 WL 2911926 (E.D. La. July 12, 2021); *cf. Vacca v. Scott*, 119 F. App'x 678, 678 (5th Cir. 2005) (per curiam) (affirming that inmate's repeated denial of access to the bathroom failed to state a § 1983 claim where he did not "state the nature of the risk to his present and future health").

Accepting Remsburg's pleaded facts as true, as the Court must at this stage, the undersigned finds Remsburg's toilet access claim states a plausible claim for relief sufficient to survive preliminary screening. *Garrett v. Thaler*, 560 F. App'x 375, 377 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (per curiam) (explaining that the Fifth Circuit reviews dismissals for failure to state a claim under the Prison Litigation Reform Act using the same legal standard as Rule 12(b)(6)).

### B. Recommendation and Transfer

Given the timeframe set forth by the district judge in the referral order, it appears prudent to transfer the case back to the district judge for implementation of a scheduling order. Because Officer Weitman has asserted the affirmative defense of qualified immunity, it is the undersigned's **RECOMMENDATION** that the United States District Judge enter a limited scheduling order, requiring Officer Weitman to file a motion for summary judgment with supporting evidence, for

the purpose of making a preliminary determination on qualified immunity. *See* ECF No. 23, at 2. Alternatively, the undersigned recommends that a Rule 16 scheduling order be entered, setting dates certain for pretrial deadlines and filing dispositive motions.

It is therefore **ORDERED** that the transfer of this case to the United States Magistrate Judge is terminated and the case is hereby transferred back to the docket of the United States District Judge. This case shall hereinafter be designated as Civil Action Number 5:21-CV-001-H.

## II.   Right to Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: January 10, 2022.

D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE

4